IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:11-cv-14356-KMM

PATRICK PEER,

       Plaintiff,

vs.

HOME DEPOT U.S.A., INC., a foreign
corporation,

       Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

THIS CAUSE came before the Court upon Defendant Home Depot U.S.A., Inc.'s ("Home Depot") Motion for Summary Judgment (ECF No. 30). Plaintiff filed a Response (ECF No. 37) and Defendant filed a Reply (ECF No. 47). The Motion is now ripe for review. Upon consideration of the Motion, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

Plaintiff Patrick Peer brought a negligence action in the Circuit Court of the Nineteenth Judicial Circuit, St. Lucie County, Florida based upon an incident which occurred on August 14, 2010. On October 12, 2011, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq* and 28 U.S.C. § 1332. Plaintiff Patrick Peer is a resident of Florida. Defendant Home Depot is a Delaware corporation with its principal place of business in Georgia. Jurisdiction in

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1-1); Defendant's Motion for Summary Judgment; Plaintiff's Response to Defendant's Motion for Summary Judgment; and Defendant's Reply. All facts are construed in the light most favorable to Plaintiff as the non-movant.

1

this case is founded on complete diversity; no federal question is involved. 28 U.S.C. § 1332. Accordingly, this Court must apply Florida substantive law. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

On August 14, 2010, Peer visited Defendant's store located at 700 SW St. Lucie West Boulevard, Port St. Lucie, Florida 34986 (the "Home Depot Store"). It was raining before Peer's arrival and continued while he was at the Home Depot Store. Peer was accompanied by other people, including his brother, Nico Peer, and his nephew, Austin Peer. Peer visited the Home Depot Store in order to pick up supplies for a construction job. To facilitate loading the supplies, Plaintiff rented a truck from the Home Depot Store and drove into an area referred to as the "contractor overhang" which is a "covered parking area for loading." Mundt Dep., at 6. This area has a metal roof with support pillars, however, the sides are open and exposed to the natural elements. Id. at 23. Peer and his brother were riding together when they entered the contractor overhang. According to Plaintiff, an area under the contractor overhang was blocked off with cones and yellow tape preventing customer access. An unidentified Home Depot employee moved the cones and tape and waived Peer into the area in order for them to load supplies. Peer Dep., at 56, 59; Nico Peer Dep., at 20. Peer parked the truck in the previously barricaded area while Peer's nephew, in a separate vehicle, parked behind the rental truck. After parking, Peer and his brother exited the rental truck. As soon as Peer's foot hit the ground, he slipped and fell underneath the truck. Both Peer's brother and nephew saw Peer fall and approached him. Home Depot employees and Peer's brother helped him off the ground. Peer's brother and nephew both noticed a slimy substance on the ground where Peer had fallen. According to Plaintiff, a Home Depot employee apologized to Peer because the area was blocked off because it was greasy. Peer Dep., at 59; Nico Peer Dep., at 27. A manager, Raymond Mundt, was contacted to talk to

Peer about the accident. Mundt noted that Peer was wet and dirty from the fall but that there were no Home Depot employees around Peer. Mundt Dep., at 32, 53, 66. Additionally, Mundt did not see any cones in the area. Mundt Dep., at 15. Peer and his brother showed Mundt where Peer had fallen, however, Mundt claims the area was not slippery and only covered with rainwater. Mundt Dep., at 35. Mundt never spoke to any Home Depot employees in order to investigate the incident. Mundt Dep., at 54. Peer requested an incident report be filed but did not receive any medical treatment at the scene. After the vehicle was loaded by Home Depot employees and Peer's companions, Peer drove his truck home rather than to work as he had originally planned.

Since the incident, Peer has incurred substantial medical expenses and undergone two surgeries on his neck and lower back.

## II. LEGAL STANDARD

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Moreover, "A party must support its assertion that there is no genuine issue of material fact by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" Ritchey v. S. Nuclear Operating Co., No. 10-11962, 2011 WL 1490358, at *1 (11th Cir. Apr. 20, 2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th

Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

Under Florida law, a plaintiff alleging negligence must establish (1) a legal duty that the defendant owed the plaintiff, (2) the defendant's breach of that duty, (3) an injury to the plaintiff that was caused by the breach, and (4) damages as a result of the injury. Castellanos v. Target Corp., 2011 WL 5178334, at *3 (S.D. Fla. Oct. 14, 2011) (citing Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008)). Additionally, "a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care." Id. (citing Emmons v. Baptist Hosp., 478 So. 2d 440, 442 (Fla. Dist. Ct. App. 1985)).

Florida Statute § 768.0755[2] governs slip and fall claims based on a transitory object in business establishments and requires a plaintiff to prove that "the business establishment had

---

[2] § 768.0755 came into effect on July 1, 2010 and repealed Florida Statute § 768.0710. The statute's clear purpose was to reinstate actual or constructive knowledge as an essential element of a cause of action. See Kelso v. Big Lot Stores, Inc., No. 8:09-CV-01286, 2010 WL 2889882, at *3-4 (M.D. Fla. July 21, 2010)). Since this incident occurred on August 14, 2010, Plaintiff's contention that § 768.0710 governs this case is inaccurate. See Pl.'s Resp., at 5-6.

4

actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." FLA. STAT. § 768.0755(1). Constructive notice can be proven through circumstantial evidence such as: (1) "[t]he dangerous condition existed for such a length of time that, in the exercise ordinary care, the business establishment should have known of the condition"; or (2) "[t]he condition occurred with regularity and was therefore foreseeable." § 768.0755(1).

Therefore, to survive Defendant's Motion for Summary Judgment, Plaintiff must show there is a genuine issue of material fact regarding whether Home Depot had either actual or constructive notice of the transitory object.[3] The Court addresses each of these topics in turn.

A. Constructive Notice

A review of the evidence in the light most favorable to Plaintiff reveals that there is no disputed material fact as to whether Home Depot had constructive notice of the transitory object. Peer cannot establish that the dangerous condition existed for a sufficient length of time or that the dangerous condition occurs with regularity.

First, there is no evidence that the transitory object was present in the contractor overhang for a sufficient period of time. Circumstantial evidence is often used to determine the length of time that an object has been on the ground. See e.g., Winn-Dixie Stores, Inc. v.

---

[3] There is a material dispute as to the substance that Peer slipped on in the contractor overhang. Peer contends the substance was a combination of rainwater and oil. See Peer Dep., at 62; Nico Peer Dep., at 26-27; Austin Peer Dep., at 12. Defendant argues the substance was merely rainwater, see Mundt Dep., at 33-34, and Defendant had no duty to warn Peer about this condition. Def. Mot., at 3-14. For purposes of Defendant's Motion for Summary Judgment, the Court denies summary judgment related to the issue of the substance Peer slipped on in the contractor overhang. However, this does not affect the remaining analysis.

5

Guenther, 395 So. 2d 244 (Fla. Dist. Ct. App. 1981).[4] In Guenther, the Court found constructive notice because the plaintiff demonstrated the liquid was on the ground for a sufficient period of time because it "appeared dirty and had scuff marks and several grocery car tracks running through it." Id. at 245. Similarly, constructive notice has been found where frozen orange juice concentrate was on the ground long enough to partially liquefy. Grizzard v. Colonial Stores, Inc., 330 So. 2d 768, 769 (Fla. Dist. Ct. App. 1976). The above examples demonstrate Peer has not met his burden to show constructive notice because Peer has presented no evidence to establish how long the dangerous condition was present. Indeed, Plaintiff even acknowledges that he doesn't know how long the substance was on the ground.[5] Without presenting any evidence, Plaintiff cannot rely on the time the substance was on the ground to establish constructive notice.

Second, Plaintiff cannot rely on foreseeability to establish constructive notice. A plaintiff can establish constructive notice if the condition occurs with regularity and thus is foreseeable. Scott v. Florida Supermarkets, Inc., 580 So. 2d 312 (Fla. Dist. Ct. App. 1991) (finding notice because a recurring puddle formed in front of the store and patrons frequently slipped in the puddle). The depositions of Home Depot's employees demonstrate that Defendant has policies and procedures to prevent slips and falls. See e.g., Courts Dep. at 9, 11-12; Wickware Dep., at 9, 12, 15, 18; Mundt Dep., at 14, 28-29. However, simply having policies to prevent incidents does not equate to those instances being foreseeable. See Wal-Mart Stores, Inc. v. King, 592 So. 2d 705, 707 (Fla. Dist. Ct. App. 1991) (finding no notice where customer slipped in an area known to contain slick spots and business had established safety clean program requiring area to be

---

[4] Since § 768.0755 restores the law related to slip and fall claims based on a transitory object in business establishments to its previous status, this Court deems the prior case law to be dispositive.

[5] See Peer Dep., at 62; see also Nico Peer Dep., at 27; Austin Peer Dep., at 13.

swept several times a day). Here, there is no evidence that such a hazard occurred with enough frequency to impute constructive notice. Indeed, the deposition testimony of Raymond Mundt, who has worked at the Home Depot Store for nearly ten years, confirms that no similar instances have occurred in the past. Mundt Depo., at 48; see also Courts Dep., at 9, 19. Therefore, Plaintiff cannot establish constructive notice by arguing that a slip and fall hazard in the contractor overhang is foreseeable.

Therefore, Plaintiff cannot establish constructive notice through the length of time the dangerous condition existed nor the foreseeability of the dangerous condition. Summary judgment as to constructive notice is granted in favor of Defendant because Peer has presented no evidence to establish a dispute as to this material fact.

B. Actual Notice

A review of the evidence in the light most favorable to Plaintiff demonstrates that there is a disputed material fact as to whether Home Depot had actual notice of the transitory object. The deposition testimony of Peer and his brother confirm that the area where Peer fell was blocked off upon entering the contractor overhang. Peer Dep., at 56, 59; Nico Peer Dep., at 20, 21, 22, 27. Moreover, a Home Depot employee moved cones in order for Peer to park the rental truck where he subsequently fell. See Barbour v. Brinker Florida, Inc., 801 So. 2d 953, 957 (Fla. Dist. Ct. App. 2001) (stating that "actual knowledge of a dangerous condition exists when . . . employees or one of [the employer's] agents knows of or creates the dangerous condition."). The fact that the area was originally blocked off could lead a reasonable jury to conclude that Home Depot had actual knowledge of the dangerous condition. Although the testimony of Peer and his brother is arguably self-serving, it is enough to establish that at least one agent of Home Depot knew of the dangerous condition and decided to block off the area. Indeed, a Home Depot

7

agent removed the cones and exposed Plaintiff to the dangerous condition before it was remedied. The only evidence that Home Depot has presented disputes Peer's claim that the area was blocked off with cones. See Mundt Dep., at 15, 22.[6]

Therefore, the Court concludes that there is a disputed material fact as to whether Home Depot had actual notice of the transitory object. Since there is a disputed material fact, summary judgment is denied for the issue of whether Home Depot had actual knowledge of the dangerous condition.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant Home Depot U.S.A., Inc's Motion for Summary Judgment (ECF No. 20) is GRANTED IN PART AND DENIED IN PART.

The claims related to constructive notice against Defendant Home Depot U.S.A., Inc. are DISMISSED WITH PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of April, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record

---

[6] Home Depot, however, contests the alleged statement of the unidentified employee who made the statement to Peer after the accident. Unless an exception applies, the unidentified employee's statements constitute inadmissible hearsay. See Pritchard v. S. Co. Serv., 92 F.3d 1130, 1135 (11th Cir. 1996) (holding that the non-movant could not use inadmissible hearsay to defeat summary judgment when that hearsay could not be reduced to an admissible form at trial). However, the Court bases its decision on Peer and his brother's testimony concerning their personal observations upon entering the contractor overhang.